UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-8-FL

| | |
|---|---|
| RASHIDAH H. ABDULLAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| DUKE UNIVERSITY HEALTH SYSTEM, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge David W. Daniel, regarding defendant's motion to compel arbitration or, in the alternative, to dismiss the complaint for lack of subject matter jurisdiction. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the matter is ripe for ruling.

Plaintiff initiated the instant action by complaint originally filed in the Superior Court of Wake County, North Carolina on December 9, 2008, and was removed to this court on January 8, 2009. In her complaint, plaintiff, a black Muslim woman, alleges that defendant unlawfully discriminated against her on the basis of her race and religion, in violation of Title VII, 42 U.S.C. § 2000e-2(a), and in violation of N.C. Gen. Stat. § 143-422.2. In lieu of filing an answer, defendant moved the court to compel arbitration or, in the alternative, to dismiss the complaint for lack of subject matter jurisdiction. In support of this motion, defendant noted that plaintiff was not subject to a collective bargaining agreement during her employment, and argued that she agreed, in writing, to be bound by the terms of defendant's dispute resolution process (the "DRP"). Defendant

contended that the parties entered into a written agreement that constituted a binding, enforceable arbitration agreement under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"). Plaintiff responded to defendant's motion arguing that there was no enforceable arbitration agreement because the contract between the two parties was illusory. Alternatively, plaintiff argued that even if a valid contract existed between the parties, defendant waived its right to arbitration by opposing plaintiff's efforts to obtain unemployment benefits in proceedings before the Employment Security Commission of North Carolina. Defendant replied, contending that the arbitration agreement with plaintiff was supported by consideration and was not illusory, and that it had not waived its right to arbitration under the agreement by participating in the proceedings before the Employment Security Commission.

With benefit of the parties' briefing, the United States Magistrate Judge submitted an M&R, proposing that this court grant defendant's motion to compel arbitration and to stay the case pending the conclusion of arbitration proceedings between the parties. The magistrate judge concluded that defendant had satisfied the requisite elements to be able to compel arbitration,[1] specifically finding that the agreement between plaintiff and defendant was supported by adequate consideration and binding on both parties. The magistrate judge further found that defendant did not waive its right to compel arbitration by participating in the proceedings before the Employment Security Commission because the Commission was not a party to the arbitration agreement and defendant could not limit it from considering plaintiff's claim for unemployment benefits by invoking the

---

[1] The elements a party must satisfy to compel arbitration in the Fourth Circuit are: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-501 (4th Cir. 2002). The magistrate judge correctly found that the only element of the four that was in dispute in this case was the existence of a binding written arbitration agreement that purported to cover the dispute in this case.

2

arbitration agreement between plaintiff and defendant.

Neither party has objected to the findings of the magistrate judge contained in the M&R. This court has reviewed the parties' briefings, the M&R, and the law applicable to the issues presented by defendant's motion. This court finds no error with the well-researched, thoughtful M&R submitted by the magistrate judge. Accordingly, this court hereby ADOPTS the recommendation of Magistrate Judge Daniel as its own, and, for the reasons stated more fully in the M&R defendant's motion is GRANTED. This matter is hereby STAYED, pending the conclusion of arbitration proceedings.

SO ORDERED, this the 6th day of July, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

3